[Docket Nos. 1, 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DAVID HOHSFIELD,

              Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY, *et al.*,

              Defendants.

Civil A. No. 25-2673
(RMB)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff David Hohsfield. [Compl. (Docket No. 1); IFP (Docket No. 4).][1] Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted. 28 U.S.C. § 1915. For the reasons explained herein, upon screening, however, Plaintiff's Complaint will be dismissed without prejudice.

---

[1] At the time he filed his Complaint and IFP application, Plaintiff was incarcerated at South Woods State Prison. He has recently advised the Court that he is no longer incarcerated, but that he does not yet a new mailing address [Docket No. 6]. Once Plaintiff has obtained a new mailing address, he is required to submit a notice of address change within seven (7) days, consistent with District of New Jersey Local Civil Rule 10.1(a).

## I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.    Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). And while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

## II.    THE COMPLAINT

Plaintiff alleges that he was arrested and incarcerated in September 2020 and remained incarcerated until January 2022.  [Compl. at 3.]  Prior to his release, the Gloucester County Superior Court dismissed and expunged the criminal charges against him.  [*Id.*]  Upon his release, Plaintiff allegedly went to his local Social Security Administration office in Neptune, New Jersey and "inquired into being paid" retroactive benefits under 42 U.S.C. § 402(x) in light of the dismissal of his criminal charges.  He alleges that the Social Security employee told him that "his request for retroactive benefits would have to be reviewed by another for approval."  [*Id.*]  Plaintiff claims that he has not received any further information from the Social Security Administration regarding his request for retroactive benefits, despite having "made many good faith attempts to resolve this issue with Social Security with negative results."  [*Id.*]  He does not set forth the nature of these alleged "good faith attempts."

## III.    SUBJECT MATTER JURISDICTION

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).  "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)."  *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83

(3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)).  "If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  *Finneman v. Fuller*, 2025 WL 3055029, at *1 (D.N.J. Oct. 31, 2025) (citing FED. R. CIV. P. 12(h)(3)).

Here, Plaintiff checked two boxes for the bases of this Court's jurisdiction: (1) federal question and (2) U.S. Government Defendant.  [Compl. at 2.]  The Court begins with federal question jurisdiction.

### A.    Federal Question Jurisdiction

"Federal question jurisdiction exists only if a federal question is presented on the face of the complaint."  *Rockefeller*, 424 F. App'x at 83 (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002)).  While courts must liberally construe *pro se* pleadings, this requirement does not excuse *pro se* plaintiffs from complying with the standard rules of civil procedure.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*.").  As such, Plaintiff must sufficiently establish this Court's subject matter jurisdiction over his Complaint.

### 1.    Social Security Act Claim

Plaintiff claims that his suit arises under 42 U.S.C. § 402(x).  [Compl. at 2.]  He claims that he is entitled to receive retroactive Social Security benefits for the time he was incarcerated because his criminal charges were expunged and dismissed and that the Commissioner of Social Security (the "Commissioner") has failed to pay those

benefits.   Section 402(x) of the Social Security Act provides that incarcerated individuals may not receive Social Security benefits.   42 U.S.C. § 402(x)(1)(A). It further provides, in relevant part, that an individual previously incarcerated may receive retroactive benefits "if the Commissioner determines that . . . a court of competent jurisdiction has found the individual not guilty of the criminal offense, dismissed the charges relating to the criminal offense, vacated the warrant for arrest of the individual for the criminal offense, or issued any similar exonerating order (or taken similar exonerating action)." *Id.* § 402(x)(1)(B)(iii)(I).  But based on Plaintiff's allegations, the Commissioner has not yet made such a determination.

This Court has "subject matter jurisdiction over claims arising under the Social Security Act *only after* a claimant has exhausted administrative remedies and obtained a final decision of the Commissioner."  *Cope v. SSI-SSA*, 2013 WL 775760, at *5 (D.N.J. Feb. 28, 2013) (emphasis in original), *aff'd sub nom. Cope v. Soc. Sec. Admin.*, 532 F. App'x 58 (3d Cir. 2013).  Plaintiffs "must generally proceed through a four-step process before they can obtain review from a federal court." *Smith*, 587 U.S. at 475–76.

This process is set forth in 42 U.S.C. § 405(g), which "provides the exclusive basis for judicial review of decisions issued by the Social Security Administration." *Cope*, 2013 WL 775760, at *4.  "First, the claimant must seek an initial determination as to his eligibility.  Second, the claimant must seek reconsideration of the initial determination.  Third, the claimant must request a hearing, which is conducted by an ALJ.  Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.  If a claimant has proceeded through all four steps on the merits, . . .

5

§ 405(g) entitles him to judicial review in federal district court." *Smith*, 587 U.S. at 476 (internal citations omitted).

There is no indication that Plaintiff has even attempted to undertake even the first of these administrative steps prior to seeking federal court review, let alone all four. As set forth in the Complaint, Plaintiff merely "inquired into being paid retroactive benefits" at his local Social Security office. He was told that such a request must be "reviewed by another for approval." [Compl. at 2.] Plaintiff does not set forth what steps, if any, he took thereafter to formally request – as opposed to merely "inquire" about – retroactive benefits. Indeed, he has not alleged that he even initiated the administrative process to determine his eligibility for retroactive benefits under Section 402(x).

Clearly, based on the allegations before the Court, Plaintiff has not exhausted his administrative remedies or obtained a final decision from the Commissioner prior to filing this action. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims insofar as they arise under the Social Security Act. *See, e.g.*, *Edwards v. Kijakazi*, 2022 WL 1213329, at *2 (D.N.J. Apr. 25, 2022); *Alvarez v. Berryhill*, 2018 WL 2411605, at *2 (D.N.J. May 29, 2018); *Carter v. Hartman*, 2013 WL 1501926, at *1 (D.N.J. Apr. 10, 2013).

### 2.   Fourteenth Amendment Due Process Claim

Plaintiff also contends that the Social Security Administration has violated his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution "by failing to adjudicate his request for benefits." [Compl. at 4.]

As the Court has already explained, "where there has been no final decision of the [Commissioner] . . . because the claimant failed to exhaust remedies, as occurred here, a court cannot review the disposition of the claim." *Hines v. Bowen*, 671 F. Supp. 10, 11 (D.N.J. 1987) (citing *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977)). "However, the Supreme Court in *Sanders* explicitly recognized an exception for cases in which a decision of the [Commissioner] is challenged on constitutional grounds. The proper inquiry, therefore, is whether plaintiff has stated a colorable constitutional claim." *Brittingham v. Schweiker*, 558 F. Supp. 60, 61 (E.D. Pa. 1983).

"A 'colorable constitutional challenge' is presented where a claimant alleges that his mental impairment rendered him unable to understand or act upon notice of administrative remedies so as to give rise to a violation of his due process rights." *Hines*, 671 F. Supp. at 11 (citing *Parker v. Califano*, 644 F.2d 1199, 1202–03 (6th Cir. 1981); *Penner v. Schweiker*, 701 F.2d 256, 257 (3d Cir. 1983)); *see also Timmons v. Comm'r of Soc. Sec.*, 719 F. App'x 162, 165 (3d Cir. 2017) (finding that Commissioner's failure to consider a relapse in claimant's disability condition in determining whether claimant had established good cause for failing to attend ALJ hearing set forth a colorable due process claim).

Even construing Plaintiff's *pro se* allegations liberally, as it must, the Court cannot discern a "colorable constitutional claim over which it [has] jurisdiction." *See Timmons*, 719 F. App'x at 164. A claim is not colorable if it is "wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006). Here, at most, Plaintiff alleges that he inquired as to the process for obtaining retroactive benefits.

7

But he has set forth no allegations that he was misled or misinformed about the process, denied access to that process, or that he was unable to understand or initiate that process due to any mental or other impairment. On the contrary, it appears that he did not even attempt to initiate the administrative process to determine his eligibility for retroactive benefits. Without more, his constitutional claim is not colorable, but "wholly insubstantial and frivolous." *See id.* As Plaintiff has not adequately pled a constitutional claim, the claim must be dismissed. Without a viable federal claim, the Court lacks subject matter jurisdiction over Plaintiff's case.

### 3.    No Other Federal Questions

The Court has carefully reviewed the Complaint and liberally construed Plaintiff's allegations to determine whether there is any other viable claim pled over which it has subject matter jurisdiction. Despite having done so, the Court cannot discern any other violation of federal law, the Constitution, or treaty of the United States pled in the Complaint over which this Court may properly exercise federal question jurisdiction. Accordingly, unless Plaintiff has adequately stated a claim against a U.S. Government Defendant – which, as set forth below, the Court finds he has not – the Complaint must be dismissed for lack of subject matter jurisdiction.

### B.    U.S. Government Defendant

The Court now considers whether it has jurisdiction based on the naming of a federal government defendant under 28 U.S.C. § 1346. While Plaintiff has named an agency of the federal government as the Defendant in this case, he has not adequately pled any basis for liability against that Defendant. Without a viable claim against the

Defendant, the mere fact that Plaintiff checked the box for "U.S. Government Defendant" does not provide a basis for this Court to exercise subject matter jurisdiction over this case.[2]

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff's IFP application is **GRANTED**. Upon screening, however, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.   Plaintiff may amend his pleadings to remedy the deficiencies identified herein within thirty (30) days. Should he fail to timely do so, this matter will be deemed dismissed with prejudice. An appropriate Order shall issue on this date.

Dated: <u>February 27, 2026</u>                    **s/Renée Marie Bumb**
                                             RENÉE MARIE BUMB
                                             Chief United States District Judge

---

[2]      Plaintiff does not assert diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), as a basis for jurisdiction.  Nor could he.  It is clear from the Complaint that federal jurisdiction on the basis of diversity of citizenship is inapplicable here.